# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

KHADIM GAYE, )
)
    *Petitioner*, )
)
v. )    No.:    3:26-CV-242-CLC-JEM
)
SHERIFF TOM SPANGLER, )
SECRETARY MARKWAYNE MULLIN, )
ATTORNEY GENERAL TODD )
BLANCHE, ROGER D. WILSON )
DETENTION FACILITY WARDEN, and )
DIRECTOR OF THE NEW ORLEANS )
FIELD OFFICE, )
)
    *Respondents*. )

## <u>M E M O R A N D U M</u>

Petitioner Khadim Gaye, a Senegalese citizen and applicant for asylum, filed a counseled petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the lawfulness of his arrest and detention by the Immigration and Customs Enforcement ("ICE") [Doc. 1]. In compliance with the Court's order to show cause why the writ should not issue [Doc. 5], Respondents have provided responses to the petition [Docs. 9, 11]. Petitioner has replied [Doc. 14]. Having reviewed the Parties' filings and the applicable law, the Court finds that a hearing is unnecessary to resolve the issues in the petition. For the reasons set forth below, the Court grants the petition in part.

## I.    BACKGROUND

Petitioner illegally entered the United States without inspection on or about December 26, 2023, near Lukeville, Arizona and was detained by a border patrol agent [Doc. 1 ¶ 14; Doc. 11-1]. On December 29, 2023, Petitioner was served with a Notice to Appear ("NTA") that required him to appear before an immigration judge in New York City on November 20, 2024 [Doc. 11-1]. On

the same date, officials with the Department of Homeland Security ("DHS") entered an order releasing Petitioner on his own recognizance ("OREC") subject to certain conditions, including obedience to local, State, and Federal laws and ordinances [Doc. 11-2; Doc. 11-3].

On November 4, 2024, Petitioner filed an asylum application with the immigration court [Doc. 1 ¶ 9]. That application remains pending [*Id.*].

The Federal Respondents claim that Petitioner was arrested for counterfeiting crimes on two separate occasions in New York in 2025 and 2026 [Doc. 11 p. 2]. Petitioner concedes "that he was arrested on more than one occasion for allegedly selling counterfeit goods" [Doc. 14 p. 4]. Petitioner maintains, however, that the charges were not prosecuted [*Id.*].

On May 20, 2026, Petitioner was one of several occupants in a vehicle that was stopped by the Tennessee Highway Patrol ("THP") on I-40 in Knoxville, Tennessee[1] [Doc. 1 ¶ 16; Doc. 11 p. 2–3]. An officer took Petitioner's New York state identification, and the group stood on the side of the highway for over an hour [Doc. 1 ¶¶ 4, 5]. During the stop, the THP determined that the driver had multiple forms of identification that did not belong to any of the occupants of the vehicle, and THP contacted ICE Enforcement and Removal Operations ("ERO") [Doc. 11 p. 3]. ERO officers took Petitioner into custody, and Petitioner was served with a warrant for his arrest [Doc. 11 p. 3; Doc. 11-4[2]]. Petitioner, fluent only in the Wolof language, was not provided an interpreter [Doc. 14-1 ¶ 7]. Petitioner was given some papers and was told to sign a document,

---

[1] The Parties dispute whether there was a valid basis for the stop. The Federal Respondents believe that the vehicle was stopped for speeding [Doc. 11 p. 2–3], while Petitioner avers that the group was given no reason for the stop [Doc. 14-1 ¶ 2].

[2] The warrant was based on the pendency of ongoing removal proceedings against Petitioner, and his voluntary statements indicating his apparent lack of immigration status [Doc. 11-4].

2

but because they were in English, Petitioner does not know for certain what they were [Doc. 14-1 ¶¶ 7, 9].

On May 22, 2026, ICE transported Petitioner to the Roger D. Wilson Detention Facility ("RDWDF") in Knox County, Tennessee, where he was held on an immigration detainer [Doc. 1 ¶ 3; Doc. 1-2; Doc. 9-1 ¶ 5].

On May 22, 2026, Petitioner filed the instant petition arguing that he cannot be held under 28 U.S.C. § 1225(b); that his detention violates the Fifth Amendment's due process principles; that his arrest was unlawful under the Fourth Amendment; and that his detention violates the Administrative Procedures Act ("APA") [Doc. 1 ¶¶ 34, 48, 54–56, 58–60].

The following day, May 23, 2026, Petitioner was transferred to the Etowah County Jail in Alabama before being transferred to the Pine Prairie ICE Processing Center in Louisiana where he is currently detained [Doc. 9-1 ¶ 6; Doc. 11 p .3].  On May 29, 2026, Plaintiff's OREC was cancelled for "fail[ure] to comply with the conditions of release" [Doc. 11-3].  Petitioner is scheduled for a hearing before the immigration court in Louisiana on June 22, 2026 [Doc. 14-2].

Petitioner seeks release from custody or, alternatively, a bond hearing before this Court [Doc. 1 p. 2, 16; Doc. 14 p. 1, 6–10].

## II.     ANALYSIS

Federal courts may issue a writ of habeas corpus to any person "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The writ is a constitutional guarantee "available to every individual detained within the United States[,]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2), so it is a remedy available to noncitizens who challenge the lawfulness of their detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  And because Petitioner was detained in this judicial district when his

petition was filed, the Court retains jurisdiction over the petition despite Petitioner's transfer to Louisiana. *See Rumsfeld v. Padilla*, 542 U.S. 426, 440–41 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release.").

Initially, Petitioner argues that he cannot be detained pursuant to 8 U.S.C. § 1225(b), the mandatory detention provision of the Immigration and Nationality Act ("INA"). [*See, e.g.*, Doc. 1 ¶ 34]. The Sixth Circuit recently explained that the INA's mandatory detention scheme under § 1225(b)(2) "applies to certain noncitizens who seek admission into the country, whereas § 1226(a)'s permissive detention scheme applies to all other noncitizens pending a decision on their removability, with exceptions."[3] *Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026). Therefore, noncitizens who did not seek admission into the United States by attempting to lawfully enter it and who are already present in the United States can be detained "pursuant to only [to] § 1226(a)." *Id.* at 732. The Federal Respondents concede that Petitioner falls into this category [Doc. 11 p. 4].[4]

Respondents contend the conclusion that Petitioner is detained under § 1226(a) ends the matter, as § 1226(a) does not provide a noncitizen with an entitlement to release, but rather, an opportunity to seek an obtain bond from the immigration court [Doc. 11 p. 7–8]. But such a conclusion ignores Petitioner's argument that, regardless of the statutory basis for his detention, his detention is unlawful because his arrest and detention violated the Fourth Amendment, and the

---

[3] Individuals with specific criminal histories are excepted from the discretionary detention provision of § 1226. *See* 8 U.S.C. § 1226(c)(1–4). Those exceptions do not apply here.

[4] Respondent Spangler takes no position on the merits of Petitioner's arguments, as Petitioner is no longer in Knox County custody [Doc. 9].

4

revocation of his OREC violates due process [*See* Doc. 14 p. 2–5]. The Court resolves the petition on Petitioner's latter argument.

Plaintiff's 2023 release on his own recognizance occurred under 8 U.S.C. § 1226(a) [*See* Doc. 11-2; Doc. 11-3]. Therefore, DHS decided in 2023 that Petitioner was neither a danger to the community nor a flight risk. *See, e.g., Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021) (citing 8 C.F.R. §§ 236.1(c)(8); 1236.1(c)(8)). The regulations implementing § 1226(a) do allow a noncitizen's release to "be revoked at any time in the discretion of the district director" and other qualifying immigration enforcement officials. 8 C.F.R. § 236.1(c)(9). However, "Due Process still requires that such discretion actually be exercised—i.e., that some determination actually be made." *Tumba v. Francis*, No. 25-CV-8110 (LJL), 2025 WL 3079014, at *7 (S.D.N.Y. Nov. 4, 2025) (citing 8 U.S.C. § 1226(b)). There is no evidence in the record that an individualized re-determination as to Petitioner's risk of flight or dangerousness was made before Petitioner was re-detained or his OREC revoked [Doc. 11-3].

"In the context of civil immigration detention, the Sixth Circuit applies the balancing test from *Mathews v. Eldridge*, 424 U.S. 319 (1976), to evaluate the level of process owed a noncitizen." *Godinez-Lopez v. Ladwig*, No. 2:25-CV-02962, 2025 WL 3047889, at *6 (W.D. Tenn. Oct. 31, 2025) (citing *United States v. Silvestre-Gregorio*, 983 F.3d 848, 852 (6th Cir. 2020)). Under *Mathews*, courts weigh the following three factors:

> (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.* (citing *Matthews*, 424 U.S. at 335) (internal quotation marks omitted).

All three factors cut in Petitioner's favor. Petitioner's liberty interest "to be free from detention . . . is the most fundamental interest protected by the Due Process Clause and is shared by citizens and noncitizens alike." *Lopez-Campos*, 175 F.4th at 734 (citations omitted). The absence of an individualized bond hearing creates a high risk that Petitioner will be erroneously deprived of this right. *See Edahi v. Lewis*, No. 4:25-CV-129-RGJ, 2025 WL 3466682, at *14 (W.D. Ky. Nov. 27, 2025) (holding that detention "without any individualized assessment, leads to a high risk of erroneous deprivation of an individual's liberty interest" (citation omitted)). And a "routine bond hearing" before an immigration judge is already procedurally established by § 1226 and implementing regulations, thus presenting a "minimal" burden to the Government. *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 493–94 (E.D.N.Y. 2025). Therefore, Petitioner's current detention without an individualized bond hearing violates the Due Process Clause.

But the Court is not convinced that release is the most appropriate remedy in this case, particularly in light § 1226 and its implementing regulations. *See* 8 C.F.R. §§ 236.1(c); 1236.1(c); 1003.19(a); *see also De Jesus Ramirez v. Noem*, No. 1:25-CV-1261, 2025 WL 3039266, *25 (W.D. Mich. Oct. 31, 2025) ("In light of the statute, the Court concludes that it is more prudent to direct that Petitioner receive an individualized bond determination, and that the immigration judge is in the better position to evaluate whether Petitioner poses a flight risk and a danger to the community."). Instead, the Court will order a constitutionally adequate bond hearing before an immigration judge at which the Government must bear the burden of proof to justify Petitioner's detention by clear and convincing evidence.[5] *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 39 (1st Cir. 2021) ("[T]he government must bear the burden of proving dangerousness or flight risk in

---

[5] "[T]he circuits are split as to which party bears the burden of proof in § 1226(a) proceedings." *Ba v. Raycraft*, No. 26-10838, 2026 WL 1213803, at *3 (E.D. Mich. May 4, 2026) (noting the Sixth Circuit has not yet reached the issue).

6

order to continue detaining a noncitizen under section 1226(a)."); *Black v. Decker*, 103 F.4th 133, 155 (2d Cir. 2024) (requiring government to justify noncitizen's detention by clear and convincing evidence at bond hearing); *Methelus v. Mullin*, No. 26-158-DLB, 2026 WL 1505792, at *7 (E.D. Ky. May 29, 2026) (requiring government to bear burden of proof by clear and convincing evidence to detain noncitizen under § 1226(a)); *Azalyar v. Raycraft*, 814 F. Supp. 3d 926, 935 (S.D. Ohio 2026) (setting forth evidentiary standard); *Soto-Medina v. Lynch*, No. 817 F. Supp. 3d 612, 628–29 (W.D. Mich. 2026) (same).

Having determined that Petitioner is entitled to the grant of relief on due process grounds, the Court does not address his alternative arguments.

## III. CONCLUSION

For the reasons discussed above, the Court will **GRANT** Petitioner's federal habeas petition **in part** and will **ORDER** the Government to either release Petitioner or provide Petitioner with an individualized bond hearing consistent with § 1226(a) within **ten (10) days** of the accompanying Order where the  Government will bear the burden of proof to justify Petitioner's detention by clear and convincing evidence.  All other relief requested in the petition will be **DENIED**, as is all other relief sought in Petitioner's reply.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

7